WO                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No.   CV 20-00372-PHX-JAT (JZB) |
| Plaintiff, | CR 17-00317-001-PHX-JAT |
| v. | **ORDER** |
| Silvester Ruelas, | |
| Defendant/Movant. | |

On February 18, 2020, Movant Silvester Ruelas, who is confined in the Federal Correctional Institution-La Tuna in Anthony, New Mexico, filed a pro se Petition Under 28 U.S.C. Section 2255 to Vacate or Set Aside the Conviction or Correct Sentence.  In a February 24, 2020 Order, the Court denied the Petition because Movant failed to file on a court-approved form.  The Court gave Movant 30 days to file an amended motion that cured the deficiencies identified in the Order.

On April 6, 2020, Movant filed his Amended § 2255 Motion (Doc. 5).  The Court will call for an answer to Grounds One, Two, and Four of the Amended § 2255 Motion and will dismiss Ground Three.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Money Laundering Conspiracy.  On February 20, 2019, the Court sentenced Movant to a 240-month term of imprisonment followed by 60 months on supervised release.

TERMPSREF

## II.    Amended § 2255 Motion

### A.    Issues Raised in the Amended § 2255 Motion

In the Amended § 2255 Motion, Movant raises four grounds for relief.  In Ground One, Movant contends the  government "impermissibly denied [Movant] safety valve relief" by "walking away unceremoniously from a meeting with [Movant] on the subject of granting safety value, for no legally cognizable reason."

In Ground Two, Movant claims his counsel was "grossly ineffective for not subjecting the [gov[ernmen]t's case to strict adversarial testing."  Movant contends his counsel was ineffective: for failing to subpoena Movant's co-defendant's plea agreement and presentence report to look for factual inaccuracies; because the government made stipulations regarding Movant's co-defendant that "amended the charges against [Movant]"; by failing to call and interview Movant's co-defendant and potential witnesses in preparation for trial; and at sentencing.

In Ground Three, Movant alleges the Court "may have abused its discretion by reason of a procedural[] and substantive unreasonableness."  Movant claims the Court failed to hold an evidentiary hearing regarding the safety valve issue, adopted wholesale the government's enhancement recommendations, and imposed a disproportionate sentence "with respect to [Movant's] role in the conspiracy vis a vis his co-defendant," who "not only orchestrated the conspiracy[,] but was the undisputed leader of the conspiracy."

In Ground Four, Movant asserts there was prosecutorial misconduct in stipulations the government made in Movant's co-defendant's proceeding, which constructively amended Movant's indictment.

### B.    Waived and Unwaived Claims

The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights."  *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional

1   rights.  *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action,

2   Movant's waiver was clear, express, and unequivocal.

3           Plea agreements are contractual in nature, and their plain language will generally be

4   enforced if the agreement is clear and unambiguous on its face.  *United States v. Jeronimo*,

5   398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring

6   a § 2255 action challenging the length of the sentence.  *United States v. Pruitt*, 32 F.3d

7   431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992).

8   The only claims that cannot be waived are claims that the waiver itself was involuntary or

9   that ineffective assistance of counsel rendered the waiver involuntary.  *See Washington v.*

10  *Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the

11  right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an

12  ineffective assistance of counsel claim that challenges the voluntariness of the waiver);

13  *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that

14  counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain);

15  *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of

16  ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at

17  1156 n.4 (declining to decide whether waiver of all statutory rights included claims

18  implicating the voluntariness of the waiver).

19          As part of Movant's plea agreement, Movant made the following waiver:

20              The defendant waives (1) any and all motions, defenses, probable
21          cause determinations, and objections that the defendant could assert
            to the indictment or information; and (2) any right to file an appeal,
22          any collateral attack, and any other writ or motion that challenges the
            conviction, . . . the entry of judgment against the defendant, or any
23          aspect of the defendant's sentence, including the manner in which the
            sentence is determined, including but not limited to . . . motions under
24          28 U.S.C. §§ 2241 and 2255 (habeas petitions) . . . .  This waiver shall
            result in the dismissal of any appeal, collateral attack, or other motion
25          the defendant might file challenging the conviction, . . . or sentence in
26          this case.  This waiver shall not be construed to bar an otherwise-
            preserved claim of ineffective assistance of counsel or of
27

28

1

2

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

3  (Doc. 191).  Movant indicated in the plea agreement that he had discussed the terms with

4  his attorney, agreed to the terms and conditions, and entered into the plea voluntarily.  (*Id*.)

5  Movant's assertions in the § 2255 Motion do not pertain to the voluntariness of the

6  waiver.   Movant expressly waived issues regarding the imposition of sentence and

7  expressly waived the right to bring a § 2255 motion, except as to claims of ineffective

8  assistance of counsel and prosecutorial misconduct.   The Court accepted the plea as

9  voluntarily made.

10  The issue in Ground Three pertains to the imposition of the sentence.  The Court

11  finds this issue waived and will dismiss it.

12  The issues raised in Grounds Two (ineffective assistance) and Four (prosecutorial

13  misconduct) were not waived in the plea agreement.  Although not entirely clear, the issue

14  raised in Ground One (impermissibly denying safety valve relief) is arguably a

15  prosecutorial misconduct claim and, therefore, was not waived in the plea agreement.

16  Thus, the Court will require a response to Grounds One, Two, and Four.

17  **III.     Requests for an Evidentiary Hearing and the Appointment of Counsel**

18  In his Amended § 2255 Motion, Movant requests an evidentiary hearing and the

19  appointment of counsel.  (Doc. 5 at 14).  The Court will deny without prejudice both

20  requests.

21  **A.     Request for an Evidentiary Hearing**

22  The Court will deny without prejudice Movant's request for an evidentiary hearing

23  because Respondent has not yet filed an answer and, therefore, the request is premature.

24  *See* Rules Governing § 2255 Proceedings for the United States District Courts 8(a) ("If the

25  motion is not dismissed, the judge must review the answer, any transcripts and records of

26  prior proceedings, and any materials submitted under Rule 7 to determine whether an

27  evidentiary hearing is warranted.").

28  . . . .

TERMPSREF

**B.    Request for the Appointment of Counsel**

Counsel must be appointed when necessary for effective discovery and when an evidentiary hearing is required.  Rules Governing § 2255 Proceedings for the United States District Courts 6(a) and 8(c).  At this early juncture, neither are required.  Appointment is also required when the complexities of the case are such that lack of counsel would equate with the denial of due process.  *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).  There is presently no indication that lack of counsel would result in the denial of due process.

Otherwise, the court must determine whether the "interests of justice" require the appointment of counsel.  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)).  This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate his claims in light of the complexity of the legal issues.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Movant has not made the necessary showing for appointment of counsel at this time, and, therefore, the Court will deny without prejudice his Request for Appointment of Counsel.  If, at a later date, the Court determines that discovery or an evidentiary hearing is required, counsel will be appointed in accordance with Rule 6(a) or Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**IV.   Warnings**

**A.    Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Movant must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that Movant files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Movant

must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Movant.

### C.     Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must electronically serve a copy of the Amended § 2255 Motion (Doc. 5) and this Order on the United States Attorney for the District of Arizona pursuant to Rule 4, Rules Governing Section 2255 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the United States Attorney's Office for the District of Arizona.  Pursuant to the Memorandum of Understanding, copies of the Amended § 2255 Motion and this Order will be sent via Notice of Electronic Filing (NEF) to the Respondents through designated electronic mail addresses.

(2)     The parties and the Clerk of Court **must file** all documents related to the Amended § 2255 Motion in the **civil case**.

(3)     Ground Three and Movant's requests for an evidentiary hearing and the appointment of counsel are **denied**.

(4)     The United States Attorney for the District of Arizona or his designee has **60 days** from the date of service within which to answer Grounds One, Two, and Four of the Amended § 2255 Motion.  The United States Attorney or his designee must not file a dispositive motion in place of an answer.  The United States Attorney or his designee may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer

may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(5)     Regarding courtesy copies of documents for chambers, the United States Attorney or his designee is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**."  CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(6)     Movant may file a reply within **30 days** from the date of service of the answer to the Amended § 2255 Motion.

(7)     The matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 20th day of April, 2020.

James A. Teilborg
Senior United States District Judge

TERMPSREF

- 7 -